OPINION OF THE COURT
ALITO, Circuit Judge:
This case presents the question whether under New Jersey law a casino patron may recover from a casino for gambling losses caused by the casino’s conduct in serving alcoholic beverages to the patron and allowing the patron to continue to gamble after it becomes obvious that the patron is intoxicated.
The plaintiff in this case, Ayhan Hakimo-glu, filed two separate actions in the United States District Court for the District of New Jersey against defendants associated with two Atlantic City casinos. Invoking the district court’s diversity jurisdiction, his complaints alleged that the defendants had “intentionally and maliciously enticed him” to gamble at the casinos on numerous occasions by providing him with free alcoholic beverages and other amenities; that while he gambled he was served free alcoholic beverages until he became intoxicated; that after he became “visibly and obviously intoxicated” the defendants “invited and permitted him to continue to gamble in that condition” for lengthy periods; and that he consequently incurred “substantial gambling losses.” Asserting claims for negligence, intentional and malicious conduct, and unjust enrichment, he sought to recover compensatory and punitive damages, as well as other relief.
In both cases, the district court dismissed the plaintiffs claims for failure to state a claim on which relief could be granted. The court issued a detailed published opinion in one case, Hakimoglu v. Trump Taj Mahal Assoc., 876 F.Supp. 625 (D.N.J.1994), and it relied on this opinion in the other. Although the defendants’ counterclaims for gambling-related debts had not been completely adjudicated, the court directed the entry of final judgment on the plaintiffs claims under Fed. R.Civ.P. 54(b). The plaintiff appealed in both cases, and the appeals were consolidated.
Our task in this appeal is to predict whether the Supreme Court of New Jersey would recognize claims such as those asserted by the plaintiff. Unfortunately, we must make this prediction without specific guidance from *293 the New Jersey appellate courts, for neither the Supreme Court of New Jersey nor the Appellate Division has addressed the question that is now before us or any closely related question. If New Jersey law, like that of some other states,[1] permitted us to certify the question at issue to the Supreme Court of New Jersey, we would seek to do so here, because the question is both difficult and important. New Jersey law, however, does not allow such certification, and therefore we are relegated to predicting what the Supreme Court of New Jersey would do if it were confronted with this question.[2]
While we are required to venture this prediction and while we recognize the need to issue a published opinion for the guidance of the district courts in the circuit, we understand that our decision here is unlikely to have — and should not have — lasting prece-dential significance. We expect that claims such as those advanced by the plaintiff in this case will work their way up through the New Jersey court system and that the New Jersey appellate courts will provide a definitive answer to the question before us. For this reason and because most of the chief arguments on both sides of this question have already been set out in excellent published district court opinions, we do not find it necessary to engage in a lengthy discussion here. The opinion in GNOC Corp. v. Aboud, 715 F.Supp. 644 (D.N.J.1989), argues forcefully that the New Jersey Supreme Court would recognize claims like those in this case. By contrast, the published opinion of the district court in one of the cases now before us and the opinion in Tose v. Greate Bay Hotel and Casino Inc., 819 F.Supp. 1312, 1317 n. 8 (D.N.J.1993), aff'd, 34 F.3d 1227 (3d Cir.1994), persuasively set out the opposite ease.[3]
Although it is not clear which way the New Jersey Supreme Court would rule on this question — as the conflicting district court opinions illustrate — it seems to us more likely that the New Jersey Supreme Court would not recognize claims such as those that the plaintiff asserted. In reaching this conclusion, we find it significant that, except in cases involving minors, the New Jersey courts have not extended “the liability of servers of alcoholic beverages beyond injuries related to drunken driving, barroom accidents and barroom brawls.” Hakimoglu, 876 F.Supp. at 632. The intense state regulation of casinos is also important because, as the district court observed in this case:
[extending common law dram-shop liability into an area so fully regulated, without a glimmer of legislative intent, is not a predictable extension of common law tort principles, and has not been foreshadowed by the New Jersey courts.
*294 876 F.Supp. at 633 (footnote omitted). And as the district court noted in Tose:
[considering the breadth of areas covered by statute and regulation, it would seem that if it were indeed the public policy of New Jersey to impose liability on casinos for allowing intoxicated patrons to gamble, that policy would have been enacted. The State has regulated the minutiae of gaming rules and alcohol service and expressly permitted the serving of free drinks to patrons at the gambling tables. Surely it could not have been unaware that the cognitive functioning of many gamblers would be impaired by drinking or of the consequences of permitting persons so impaired to gamble.
819 F.Supp. at 1317 n. 8.
We are also influenced by the difficult problems of proof and causation that would result from the recognition of claims such as those involved here. As the district court judge in this case aptly put it:
enlargement of [the doctrine of dram-shop liability] to casino gambling losses could present almost metaphysical problems of proximate causation, since sober gamblers can play well yet lose big, intoxicated gamblers can still win big, and under the prevailing rules and house odds, “the house will win and the gamblers will lose” anyway in the typical transaction.
Hakimoglu, 876 F.Supp. at 636 (quoting Greate Bay, 34 F.3d at 1233 n. 8). Moreover,
such a cause of action could be fabricated with greater ease than a dram-shop action involving personal injury, since in the accident case the occurrence of the accident is a specific notable event and reliable evidence of blood alcohol content is usually obtained; in the gambling loss case, on the other hand, a dram-shop negligence claim might be brought up to two years after the gambling events concerning plays of which no casino dealer or server could have reason to recollect. Although sometimes highstakes table games are videotaped using surveillance cameras, such tapes from multiple cameras would amount to hundreds of hours of films per day that are routinely recycled rather than retained if no incident is reported within thirty days. The New Jersey Supreme Court has expressed concern for the reliability of evidence of intoxication and its effects, ... and such reliability is largely absent after-the-fact in the casino gaming environment.
876 F.Supp. at 637.
For these reasons and many of the others mentioned in the district court opinions in this case and Tose, we predict that the New Jersey Supreme Court would not permit recovery on claims such as those asserted by the plaintiff here. Accordingly, we affirm the district court’s dismissal of the plaintiffs claims in both cases, and we remand to the district court for further proceedings on the defendants’ counterclaims.

. See, e.g., Del. Const., art. IV, sec. 9; Del.Sup. Ct.R. 41(a)(ii).

. Judges Nygaard and Alito join section V of Judge Becker’s Dissent, and enthusiastically endorse his recommendations therein.

. On appeal in Greate Bay, we did not decide the question that is now before us. See Greate Bay Hotel & Casino v. Tose, 34 F.3d 1227, 1232 n. 7 (3rd Cir.1994). In that case, the casino sued Tose for gambling debts, and Tose responded with a counterclaim similar to the claims of the plaintiff here. The district court judge to whom the case was initially assigned ruled, in accordance with Aboud., that the plaintiff's allegations stated a claim on which relief could be granted under New Jersey law. The case was later reassigned to a different district court judge, and that judge allowed the counterclaim to go to trial based on the law-of-the-case doctrine, but in his published opinion he expressed his reservations concerning Aboud. See 819 F.Supp. at 1317 n. 8. The counterclaim was tried to a jury, and Tose lost. Tose appealed the district court's denial of his motion for a new trial, and the casino argued, among other things, that the district court should not have exercised jurisdiction over the counterclaim because it lay within the exclusive primary jurisdiction of the state Casino Control Commission. We rejected this argument, as well as Tose’s contentions regarding the denial of the new trial motion. We expressly declined to predict whether the state supreme court would hold that Tose’s counterclaim stated a claim on which relief could be granted. See 34 F.3d at 1232 n. 7. We did observe: "[Wjhile we do not make a ruling on the point, a reasonable argument can be made that a casino owes a common law duty to a patron to prevent him from gambling when it knows he is intoxicated.” Id. This comment did not decide the question presented in this case; nor do we interpret it as inconsistent with our holding in this appeal. We completely agree that "a reasonable argument can be made” in support of a result contrary to the one we reach. However, forced to predict whether the New Jersey Supreme Court would accept that argument, we predict that it would not.